

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John R. Shook
Criminal District Attorney
San Antonio, Texas

Dear Sir:

Opinion Number 0-2750
Re: Is it a prerequisite to the
calling of an election by the Com-
missioners' Court for the purpose
of voting bonds to establish or
enlarge a county tubercular hos-
pital, that a petition be filed
with such court signed by ten
per cent of the qualified proper-
ty taxpaying voters of such county?

We acknowledge receipt of your opinion request of
September 16, wherein you ask the following question:

"Is it a prerequisite to the calling of an
election by the Commissioners' Court for the
purpose of voting bonds to establish or enlarge
a county tubercular hospital, that a petition
be filed with such court signed by ten per cent
of the qualified property taxpaying voters of
such county?"

The law concerned in the answer of this question is
incorporated in Vernon's Annotated Civil Statutes as Articles
4478-4493.

Article 4478 reads, in part, as follows:

"The commissioners' court of any county
shall have power to establish a county hos-
pital and to enlarge any existing hospitals

Honorable John R. Shook, page #2

for the care and treatment of persons suffering from any illness, disease or injury, subject to the provisions of this chapter. At intervals of not less than twelve months, ten per cent of the qualified property taxpaying voters of a county may petition such court to provide for the establishing or enlarging of a county hospital, in which event said court within the time designated in such petition shall submit to such voters at a special or regular election the proposition of issuing bonds in such aggregate amount as may be designated in said petition for the establishing or enlarging of such hospital. Whenever any such proposition shall receive a majority of the votes of the qualified property taxpayers voting at such election, said commissioners' court shall establish and maintain such hospital and shall have the following powers:"

We note from the reading of this statute that the Commissioners' Court has the power to establish hospitals subject to the provisions of this chapter. The provisions then follow that upon the filing of a petition by ten per cent of the qualified property taxpaying voters, the Commissioners' Court shall submit such proposition to the voters at a regular or special election. The only two cases that we are able to find which discuss this article - Seydler v. Border, 115 S. W. (2d) 702, and State of Texas, ex rel Wilson County Attorney v. Barber, County Judge, et al., 115 S. W. (2d) 1137 — hold that this article is not in violation of the Constitution, but nowhere does the court go further with reference to the prerequisites of an election. However, it is apparent from the reading of both cases that the election was called pursuant to a petition properly filed with the Commissioners' Court. If a county comes within the provisions of Article 4478, this department construes that article to mean that a petition is a necessary prerequisite to the calling of an election for the purpose of voting bonds for the purposes enumerated in this statute.

Article 4493 reads as follows:

"Where no county hospital is now provided for the purpose aforesaid, or where such provision is inadequate, the commissioners court of each county which may have a city with a population of more than ten thousand persons, within six months from the time when such city shall have attained such population, such population to be ascertained by such court in such manner as may be determined upon resolution thereof, shall provide for the erection of such county hospital or hospitals as may be necessary for that purpose, and provide therein a room or rooms, or ward or wards for the care of confinement cases, and a room or rooms or ward or wards for the temporary care of persons suffering from mental or nervous disease, and also make provision in separate buildings for patients suffering from tuberculosis and other communicable diseases, and from time to time add thereto accommodations sufficient to take care of the patients of the county. This time may be extended by the State Board of Health for good cause shown. Unless adequate funds for the building of said hospital can be derived from current funds of the county available for such purpose, issuance of county warrants and script, the commissioners court shall submit, either at a special election called for the purpose, or at a regular election, the proposition of the issuance of county bonds for the purpose of building such hospital. If the proposition shall fail to receive a majority vote at such election said court may be required thereafter at intervals of not less than twelve months, upon petition of ten per cent of the qualified voters of said county, to submit said proposition until same shall receive the requisite vote authorizing the issuance of the bonds."

We see that this section of the Act does not make a petition a necessary prerequisite for the calling of an election. We believe that Bexar County, having a city of more than ten thousand inhabitants, would be governed by Article 4493, and it is our opinion that unless adequate funds for

Honorable John R. Shook, page #4

the building of said hospital can be derived from the current funds of the county available for such purpose, the Commissioners' Court may submit, without a petition being filed, either at a special or regular election, the proposition of the issuance of county bonds for the purpose of establishing or enlarging a county tubercular hospital.

Trusting that this answers your question, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Claud O. Boothman
Assistant

COB-s

APPROVED OCT 1, 1940

ATTORNEY GENERAL OF TEXAS

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE